Approved by: _____Lori L. Doughty_____
             LORI DOUGHTY
             Special Assistant United States Attorney

Before:      THE HONORABLE MARTIN R. GOLDBERG
             United States Magistrate Judge
             Southern District of New York          18 MAG 8239

- - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA              :       MISDEMEANOR
                                      :       COMPLAINT
                                      :
          -v-                         :       Violation of
                                      :       NYVTL 1192(2)
                                      :       NYPL  140.05
TIMOTHY LEE                           :       NYPL  240.20(7)
                                      :       NYPL  195.05
          Defendant                   :       NYPL  110.05
                                      :       NYVTL 1203-b(2)
                                      :
                                      :
                                      :       COUNTY OF OFFENSE:
                                      :       ORANGE
                                      :
- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK, ss.::

   BRAHIM Elidrissi, being duly sworn, deposes and says that he is a Court Liaison, assigned to the United States Military Academy, West Point, New York, and charges as follows:

### COUNT ONE

   On or about July 21, 2018, on the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, unlawfully, knowingly, and willfully did operate a motor vehicle upon a public roadway while intoxicated, to wit, the defendant operated a motor vehicle at Thayer Gate, West Point, New York, while in an intoxicated condition.

   (New York State Vehicle & Traffic Law, Section 1192(2))

### COUNT TWO

   On or about July 21, 2018, on the West Point Military Reservation, within the special maritime and territorial

jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, **unlawfully, knowingly and willfully entered or remained unlawfully in or upon real property**, to-wit, the defendant unlawfully entered the grounds of the United States Military Academy.

(New York Penal Law, Section 140.05)

## COUNT THREE

On or about July 21, 2018, at the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, **unlawfully, knowingly and willfully** conducted himself on the West Point Military Reservation property in a manner with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, to-wit, defendant was uncooperative, belligerent, raised his voice and refused to cooperate with police commands when they were given.

(New York State Penal Law, Section 240.20(1))

## COUNT FOUR

On or about July 21, 2018, at the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, **unlawfully, knowingly and willfully** conducted himself on the West Point Military Reservation property in a manner which intentionally obstructed, impaired or perverted the administration of law or attempted to prevent a public servant from performing an official function by means of intimidation, physical force to wit: the defendant attempted to urinate in an interview room and when given orders by the patrolmen refused to follow them and attempted to touch one the patrol officers and refused to give back official documents when asked and turned his back and tried hiding the documents by placing them close to his chest.

(New York State Penal Law, Section 195.05)

## COUNT FIVE

On or about July 21, 2018, at the West Point Military Reservation, within the special maritime and territorial

jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, **unlawfully, knowingly and willfully attempted to assault military police officers to wit:** after being forcibly removed from the military police station, the defendant attempted to regain access by pushing the military police officers out of the way.

(New York State Penal Law, Section 110.05)

## COUNT SIX

On or about July 21, 2018, at the West Point Military Reservation, within the special maritime and territorial jurisdiction of the United States, in the Southern District of New York, TIMOTHY LEE, the defendant, **unlawfully, knowingly and willfully parked in a spot reserved for a handicap person, to wit:** the defendant parked his car in a spot reserved for a handicap person in the Thayer Hotel parking lot.

(New York State Vehicle & Traffic Law, Section 1203-b(2))

The basis for the deponent's knowledge and for the foregoing charges are, in part, as follows:

1. I am a Court Liaison, assigned to the Provost Marshal Office, at the United States Military Academy, West Point, New York, which is located in the Southern District of New York.

2. Upon information and belief, on or about July 21, 2018, at approximately 05:39 a.m., DASG Cichon notified the Military Police desk sergeant of a possible DUI at Thayer Gate. SGT Nelson SPC Montalvo responded and spoke with DASG Cichon who stated that he saw a black Range Rover approach the gate hitting the curb in the D.O.D lane and provided his D.O.D ID card upside down with the window only slightly open. DASG Cichon asked the driver for the ID to identify the driver. The driver, was identified as the defendant, rolled down the window, DASG Cichon smelled an odor of an alcoholic beverage emanating from the vehicle. DASG Cichon then asked the defendant to pull over stating he was calling the Military Police.

3. The defendant left the scene and drove to the Thayer Hotel and parked his vehicle up the hill. The defendant then came back to the gate and asked for his ID card back

from DASG Cichon. The defendant was told to stand by until the military police officers arrived. The defendant then walked away and started to head back to his car at Thayer Hotel.

4. SGT Nelson and SPC Montalvo then went to Thayer Hotel to see if the defendant was still there. They found the defendant sitting at the Thayer Hotel stating he did not know what he did wrong. The defendant's car was currently parked in a handicap spot in front of the hotel. The defendant was apprehended and transported to police station and placed in an interview room. The defendant was asked to conduct several Standard Field Sobriety Tests by SGT Nelson but the defendant refused. The defendant stated he wanted a lawyer and the patrol officers explained that he was being apprehended not arrested at this time. The defendant continued to state he wanted a lawyer and when SPC Montalvo read the defendant his rights, he refused to sign the DA Form 3881, Rights Waiver and made several attempts to touch SPC Montalvo and kept getting into SGT Nelson's face. He refused to orders when he was told to sit down. The defendant was asked to provide a chemical test on multiple occasions but refused.

5. While waiting the twenty minutes required for a chemical test, the defendant attempted to urinate in the interview room. The defendant refused to follow any orders that were given to him by the patrols. The defendant became uncooperative, belligerent and raised his voice. After the defendant refused to sign the rights waiver form, he refused to give SPC Montalvo the form back. SPC Montalvo and SGT Nelson both asked multiple times for the document to be returned and the defendant turned his back and tried to hide the document close to his chest. SGT Nelson and SPC Montalvo then had to escalate their level of force and had to use unarmed self-defense to handcuff the defendant. While attempting to complete the defendant's prisoner's release form, the defendant refused to sign and was trying to take pictures of the multiple military police officers that were present at the police station.

6. At approximately 11:36 a.m., on July 21, 2018, the defendant refused to leave the police station. SGT Nelson was directed to escort the defendant from the premises. SGT Nelson informed the defendant that if he would not leave under his own recognizance then he would have to physically remove him from the station. The defendant refused to comply with the order and SGT Nelson grabbed the defendant's right arm and escorted him out the main doors of the station with SPC Montalvo and SPC Lambert. The

defendant then tried to re-enter the police station by pushing SPC Lambert and SGT Nelson. SGT Nelson and SPC Montalvo then used unarmed self-defense to arrest the defendant. The defendant continued to resist arrest and pushed SPC Montalvo. The defendant was arrested and handcuffed and placed in the interview room. At 12:00 p.m., MAJ Crus ordered that the defendant be placed in the detention cell and his belongings were confiscated for safe keeping.

7. At approximately 5:35 p.m., the defendant was released on his own recognizance and again refused to sign the prisoner release form.

8. The defendant was issued eight United States District Court Violation Notice for attempted assault on a peace officer (7554059/SY10); failure to provide DNA (7552706/SY10); parking in handicap space without proper permit (7553086/SY10); driving while ability impaired (7554054/SY10); obstructing governmental administration in the second (7554056/SY10); unlawful entry of military, naval or coast guard property (7554057/SY10); disorderly conduct (7554058/SY10); and failure to submit to chemical test (7554055/SY10).

**WHEREFORE**, deponent prays that the above-named defendant be imprisoned or bailed, as the case may be.

Brahim Elidrissi
Court Liaison

Sworn to before me this
27th day of September, 2018

HONORABLE MARTIN R. GOLDBERG
United States Magistrate Judge
Southern District of New York